UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ASIA MYERS,**

       **Plaintiff,**　　　　　　　　**CIVIL ACTION NO. 13-CV-14459**

**vs.**　　　　　　　　　　　　　**DISTRICT JUDGE SEAN F. COX**

　　　　　　　　　　　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

**SSC WESTLAND OPERATING**
**COMPANY, LLC, d/b/a HOPE**
**HEALTHCARE CENTER, a Michigan**
**limited liability company,**
**SAVASENIORCARE ADMINISTRATIVE**
**SERVICES, LLC a Delaware limited**
**liability company,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Asia Myers filed this action on October 23, 2013, against Defendants SSC Westland Operating Company, LLC and SavaSeniorCare Administrative Services, LLC, alleging that Defendants violated the Pregnancy Discrimination Act and the ADA when they did not allow her to return to work with reasonable accommodations following pregnancy-related complications. (*See* Docket no. 1.) Before the Court is Plaintiff's request for Rule 37 fees related to Plaintiff's Motion to Compel, which the Court granted at a hearing held on March 4, 2015. (*See* Bench Order, Mar. 4, 2015; docket no. 37.) Plaintiff's Motion to Compel was referred for consideration. (Docket no. 38.)

Following the hearing, Plaintiff submitted her Bill of Costs. (Docket no. 51.) Defendants filed Objections. (Docket no. 52.) And Plaintiff filed a Reply. (Docket no. 54.)

1

The undersigned has reviewed the pleadings, heard the Parties' arguments with regard to Plaintiff's initial Motion, dispenses with a hearing related to the Bill of Costs pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I.    Recommendation

Plaintiff should be awarded reasonable costs and attorneys' fees in the amount of $1,614.30, payable by Defendant and Defense counsel.

## II.    Report

### A.    Facts

Plaintiff filed her Complaint on October 23, 2013.   On August 22, 2014, Plaintiff served Defendants with Plaintiff's First Request for Production of Documents.   (Docket no. 37-2.)   And on September 30, 2014, Plaintiff served Defendants with Plaintiff's (Revised) First Set of Interrogatories.   (Docket no. 37-3.)   Through communication between attorneys, Plaintiff agreed to allow Defendants to respond on October 27, 2014.   (Docket no. 37-4.)   The Court acknowledged this deadline in a stipulated order.   (Docket no. 36.)

When Defendants had not responded to Plaintiff's discovery requests by November 13, 2014, Plaintiff filed her instant Motion to Compel.   (Docket no. 37.)   Defendants did not file a response.   The parties did, however, file a Joint Statement of Resolved and Unresolved Issues on January 5, 2015.   (Docket no. 48.)   In their Joint Statement, Plaintiff indicated that Defendants still had not responded to her discovery requests.   And although they had waived their arguments by not objecting to the requests and by not responding to Plaintiff's Motion, Defendants argued that Plaintiff's discovery requests were overbroad.   Thus, while they did not attempt to avoid production, they requested an additional 21 days to produce responses.   (Docket no. 48.)

2

On February 13, 2015, the Court ordered the Parties to appear at a hearing related to Plaintiff's Motion. (Docket no. 47.) And on February 25, 2015, the Parties filed a second Statement of Resolved and Unresolved Issues. (Docket no. 48.) Filed just over seven weeks after Defendants requested an additional 21 days to respond, Plaintiff indicated that she still had not received any discovery responses. (*Id.*)

At the March 4, 2015 hearing, Defendants asserted that they had not responded to Plaintiff because they were trying to work things out but had been unable to do so. Defendants indicated, however, that they had provided some responses on February 27, 2015, and that additional documents were being scanned for production as the hearing was being held. Plaintiff, however, told the Court that many of the February 27 responses raised general objections or referred to initial disclosures, which the Court noted was a violation of the Federal Rules of Civil Procedure. Therefore, the Court granted Plaintiff's Motion and ordered Plaintiff's counsel to submit a bill of costs related to the filing of her Motion.

Pursuant to the Court's Order, Plaintiff submitted its Bill of Costs, seeking $10,176.96 in fees related to its Motion. (Docket no. 51-3.) Plaintiff's attorney's fees are broken down as follows:

| | | |
|---|---|---|
| Attorney Cary McGehee: | $3,937.50 | ($350.00 x 11.25 hours) |
| Attorney Ariela Migdal: | $4,389.46 | ($415.00 x 10.58 hours) |
| Attorney Lenora Lapidus: | $950.00 | ($500.00 x 1.90 hours) |
| Attorney Brooke Tucker: | $900.00 | ($300.00 x 3.00 hours) |

(Docket no. 51-3.) Defendants object, arguing that Rule 37 sanctions are not appropriate, that Plaintiff's attorneys' rates are unreasonable, and that Plaintiff's attorneys' hours are duplicative and excessive. (Docket no. 52.)

**B.      Attorney Fees Standard**

3

"Civil contempt sanctions are intended 'to enforce compliance with court orders and to compensate injured parties for losses sustained.'" *Banner v. City of Flint*, 99 Fed. App'x. 29, at *41 (6th Cir. 2004) (citing *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir.1994)).   Under Rule 37,

> If a motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . . [unless] (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantial justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).   To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked.  *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett*, 2011 WL 740460, at *2 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).   But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)).   In addition, the court considers the following factors when calculating the reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.  *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

The Supreme Court has also provided guidance:

4

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation is inadequate, the district court may reduce the award accordingly.

The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission[.]

*Hensley v. Eckerhard*, 461 U.S. 424 (1983).

## C.    Analysis

As a preliminary matter, to the extent that Defendants assert that Plaintiff is not entitled to Rule 37 fees, the Court is not persuaded. Having granted Plaintiff's Motion, the Court must award reasonable fees unless Plaintiff filed her motion before attempting to obtain the discovery without court action; (ii) the opposing party's nondisclosure was substantial justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37. Plaintiff attempted to obtain the discovery at issue before filing her motion, even going so far as to coordinate a new discovery due date with Defense counsel and agreeing to a stipulated order related thereto. Moreover, Defendants provided no justification for their continued failure to respond to Plaintiff's discovery requests, and there are no circumstances making an award of fees unjust.

### 1.    Reasonable Number of Hours

When considering the number of hours reasonably expended on a matter, the Court pays attention to whether cases are overstaffed, that is, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours expended, attorneys are to

5

give a court sufficient detail to evaluate the fee award.  *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, 05-70110, 2011 WL 204750 at *4 (E.D.Mich. Jan. 21, 2011) (Roberts, J.) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case.  The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.  If the documentation of hours is inadequate, the district court may reduce the award accordingly." (internal citations and quotations omitted)).

Plaintiff's four attorneys assert that they spent a total of 26.73 hours attempting to obtain discovery, drafting and preparing their Motion to Compel, and attending status conferences and motion hearings.   They further assert that roughly 17 hours of this time was related to the Motion to Compel, the hearing, and the two joint statements.   (*See* generally docket no. 37.)   These 17 hours resulted in a two-page motion to compel based entirely on procedural grounds with one paragraph of law and argument; two short joint statements consisting mostly of reiterated facts from their Motion; and a 20-minute hearing.   The additional 9 hours were spent on telephone calls and emails with co-counsel and opposing counsel and related to a February 10, 2015 Status Conference held by Judge Cox.

As a whole, the time allegedly spent related to this issue is patently unreasonable.  As discussed below, Plaintiff's attorneys have nearly 75 years of practical litigation experience between them.  And as is made clear by the limited argument, these experienced litigators were well aware of the nature and relative simplicity of their Motion to Compel.  Moreover, though,

6

under Rule 37, Plaintiff is only entitled to fees "incurred in making the motion," not for all fees related to the discovery of the at-issue items.   Thus, the nine hours related to the stipulated order, the status conference, any non-motion-related telephone calls or emails are not recoverable.

As noted, Plaintiff's attorneys allege that they spent approximately 17 hours specifically related to the instant Motion to Compel.   Although supported by affidavits verifying that Plaintiff's counsel spent this time on the Motion, Plaintiff provides no explanation regarding why such an exorbitant amount of time was necessary for such a straightforward motion.   At most, much of the time spent on this matter was duplicative and unnecessary.   Therefore, considering the skill, time, and labor involved in this motion and the difficulty of the issue at hand, the undersigned recommends awarding fees based on a total of 4.25 hours, 25% the actual time spent on this matter according to Plaintiff's counsel.

### 2.   Reasonable Hourly Rate

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir.2000). In assessing the "reasonable hourly rate," the court should assess the "prevailing market rate in the relevant community."   *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command *within the venue of the court of record*."   *Addock–Ladd*, 227 F.3d at 350 (emphasis added).

Plaintiff's attorneys seek fees ranging from $300 to $500 per hour for the work performed in this matter at an average rate of $380.73 per hour.   It is undisputed that Plaintiff's attorneys are

7

highly experienced, well-respected members of the legal community.   (*See* docket nos. 51-4, -5, -6, and -7.)    And according to the State Bar of Michigan Law Practice 2014 survey, such a rate would place them in the 75th percentile of managing or equity partners with 16 to 30 years of experience practicing in Detroit, Michigan in the area of Civil Rights Law.   *See* 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (January 2014), *available at* http://www.michbar.org/file/pmrc/articles/0000151.pdf.   Therefore, considering the professional standing and experience of the attorneys, a rate of $380.73 per hour is reasonable.

### D.    Conclusion

Based on the above analysis, Plaintiff is entitled to recovery of fees for a total of 4.25 hours at $380.73 per hour.   Therefore, the undersigned recommends awarding total fees to Plaintiff in the amount of $1,614.30.

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   June 4, 2015          s/ Mona K. Majzoub_____
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   June 4, 2015          s/ Lisa C. Bartlett
                               Case Manager